O

JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| TRACY CHEN, as an aggrieved employee<br><br>              Plaintiff,<br><br>    v.<br><br>MORGAN STANLEY SMITH BARNEY, LLC. and DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No. 8:14-CV-01077ODW(FFMx)<br><br>**ORDER GRANTING MOTION TO REMAND [17]** |

## I.   INTRODUCTION

Plaintiff Tracy Chen moves to remand this action to Orange County Superior Court for lack of subject-matter jurisdiction. (ECF No. 17.) Chen argues that Defendant Morgan Stanley Smith Barney, LLC failed to establish diversity jurisdiction under 28 U.S.C. § 1332. (Id.) For the reasons discussed below, the Court finds that the amount in controversy does not exceed $75,000. Therefore, this Court **GRANTS** Plaintiff's Motion to Remand.[1]

## II.   FACTUAL BACKGROUND

On May 27, 2014, Chen filed this action in state court, asserting a claim under the California Private Attorneys General Act for multiple Labor Code violations.[2]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

[2] Cal. Labor Code §§201, 202, 203, 204, 204.2, 221, 226(a), 226(b), 226(c), 402, 403, 404, 405, 2802, 2804, 450, and 8 Cal Code Regs. §11040(8)

(Not. of Removal Ex. A). She alleges that prior to being terminated on May 6, 2013 she worked as a financial advisor for MSSB and its predecessors for approximately 15 years. (Compl. ¶ 9.) MSSB removed the action to this Court on July 11, 2014, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.) On August 2, 2014, Chen moved to remand this action. (ECF No. 17.) Chen timely opposed. (ECF No. 23.) Chen's Motion is now before the Court for decision.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

### IV. DISCUSSION

The parties dispute whether the jurisdictional minimum for the amount in controversy has been satisfied. In her complaint, Chen did not specify the amount of

damages she seeks. Therefore, as the proponent of federal jurisdiction, MSSB bears the burden of establishing that the amount in controversy exceeds $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F. 3d 1089, 1090 (9th Cir. 2003). MSSB notes that Chen seeks compensation for multiple Labor Code violations and attorney's fees and contends that these damages, in the aggregate, satisfy the amount in controversy requirement. This Court considers the issues in turn.

The Private Attorney General Act allows an "aggrieved employee" to bring a civil suit against an employer if the Labor & Workforce Development Agency fails to investigate an alleged violation. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1121 (9th Cir. 2013). The aggrieved employee in the PAGA action receives 25% of the collected penalties while the state via the LWDA receives the remaining 75%. *See* Cal. Lab Code §2699 (i). Finally, under PAGA an aggrieved employee can seek $100 for each initial violation per pay period and $200 dollars for each subsequent violation. Cal. Lab. Code § 2699(f)(2).

Chen argues, and this Court agrees, that the penalty for subsequent or willful and intentional violations is not available to MSSB when estimating the amount in controversy. "Subsequent" takes on a different meaning under the California Labor Code. *Patel v. Nike Retail Servs., Inc.*, 14-CV-00851-JST, 2014 WL 3611096 (N.D. Cal. July 21, 2014). Under the Labor Code, if an employer does not have notice that they are committing a violation, they are not subject to the heightened penalties. *Amaral v. Cintas Corp. No. 2,* 163 Cal.App.4th 1157, 1209, 78 Cal.Rptr.3d 572 (2008). MSSB did not assert that they were on notice of their Labor Code Violations, nor does the single use of the term "deliberate" in Chen's complaint amount to her claiming that MSSB's violations were willful and intentional. (Opp'n 6.) Therefore, MSSB's inclusion of the heightened penalty in its calculations is incorrect. Even if MSSB was able to include the penalties for subsequent violations, the jurisdictional minimum for the amount in controversy would still not be satisfied.

/ / /

There is a large discrepancy between the parties' calculation of damages. Chen claims that the Labor Code Penalties available to her are between $762.50 and $3,050.00 whereas MSSB contends that the amount in controversy is anywhere between $82,640.75 and $93,909.94. (Mot. 20–21; Opp'n 13–14). The parties dispute many aspects of the calculations but the main issue is whether the state's interest can be aggregated with the aggrieved employee's interest to meet the amount in controversy requirement. Under PAGA 75% of the penalties are awarded to the LWDA and the remaining 25% are given to the aggrieved employee. *See* Cal. Lab Code §2699 (i). Both parties claim that there is disagreement throughout the district courts concerning the disaggregation of a plaintiff's award from the state's when calculating the amount in controversy. While the parties are not incorrect, the Ninth Circuit recently held that in PAGA suits that do not fall under the Class Action Fairness Act the aggrieved party's interest should be disaggregated from the state's. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013). This Court is bound by the decision in *Urbino*. Because the plaintiff's award under PAGA is separate and distinct from those rewards recoverable by the LWDA the recoverable penalties may not be aggregated. Therefore, even MSSB's loftiest calculation of $93,909.94 does not meet the minimum amount in controversy because MSSB included the state's 75% interest in that amount. Chen's 25% interest of the $93,909.94 only amounts to $23,477.49 which does not meet the $75,000.00 jurisdictional minimum. Accordingly, the Court lacks subject matter jurisdiction over this case.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

For the reasons discussed above, the Court finds that there is no subject-matter jurisdiction over this action under 28 U.S.C. § 1332. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 17.)

**IT IS SO ORDERED.**

October 2, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

```
cc: order, docket, remand letter to
Orange County Superior Court, No. 30-2014-00724866- CU- 0 E- CJC
```